NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTER JOSEPH, <br><br> Plaintiff, <br><br> v. <br><br> RICKART COLLECTION SYSTEMS, INC., <br><br> Defendant. | Civ. No. 19-5413 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Rickart Collection Systems, Inc. (ECF No. 7.) Plaintiff Ester Joseph opposes. (ECF No. 9.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## BACKGROUND

Defendant is a debt collector who attempted to collect a debt allegedly incurred by Plaintiff. (Compl. ¶¶ 13–14, ECF No. 1.) In March 2018, Defendant sent a letter to Plaintiff reading, in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

1

(*Id.* ¶ 15; Letter, ECF No. 1-2.) Plaintiff alleges that this communication failed to inform him that he must dispute the debt *in writing* in order for the debt not to be assumed valid. (Compl. ¶¶ 21, 25.) The Complaint alleges violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e, 1692g. (Compl. ¶¶ 29–38.)[1]

Defendant filed the present Motion to Dismiss on April 26, 2019. (ECF No. 7.) Plaintiff opposed on May 6, 2019 (ECF No. 9), and Defendant replied on May 26, 2019 (ECF No. 10). The Motion is presently before the Court.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be

---

[1] The Complaint cites to § 1692e *et seq.* and § 1692g *et seq.* and alleges violations of "various provisions of the FDCPA, including but not limited to" these sections. (Compl. ¶¶ 30, 35.) The Court interprets the Complaint as alleging only violations of the two enumerated sections.

dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

**I.    The Complaint States a Claim for Violation of 15 U.S.C. §§ 1692e, 1692g**

15 U.S.C. § 1692g(a) requires that a debt collector send to the debtor a written notice commonly called a "validation notice." *See, e.g.*, *Wilson v. Quadramed Corp.*, 225 F.3d 350, 351 (3d Cir. 2000) (using the term). The validation notice must include:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a). The text of Subsection (a)(3) does not explicitly require that the debt collector inform the debtor that the debt will be assumed valid unless the debtor disputes the debt in writing. But the Third Circuit has determined that a comprehensive reading of § 1692 shows that "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

Defendant contends that *Graziano* merely *permits* a debt collector to require that disputes be in writing, but that it does not *require* a debt collector to inform a debtor that she must dispute the debt in writing. (Mot. at 9.) *Graziano* concerned a debt collector whose validation notice stated that disputes must be in writing, so the case's holding is only that a debt collector may

3

require that disputes be in writing. *Graziano*, 950 F.2d at 109, 111–12. But *Graziano*'s reasoning also compels the conclusion that a debtor must dispute a debt in writing. The *Graziano* court wrote, "given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." *Id.* at 112 (emphasis added). It went on to explain:

> Subsection (a)(3) states that unless the debtor disputes the debt within thirty days of receipt of notice, the debt collector will assume the debt to be valid. Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. Adopting [plaintiff-debtor]'s reading of the statute [that a debt collector is forbidden to require disputes to be in writing] would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system. We also note that there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts. We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing. The district court was not in error in determining that the requirement of a writing did not render the statutory notice invalid.

*Id.* (internal citations omitted). As shown by the above passage, the *Graziano* court chose to shift the emphasis away from the choices a debt collector can make in sending out a validation notice and to focus instead on how to interpret the statute most coherently. In doing so, it found that the only way to read the statute coherently was by including a writing requirement. Note also the last two sentences of the above-quoted passage. The last sentence ("[T]he requirement of a writing did not render the statutory notice invalid.") resolves the particular issue in the case, but the next-to-last sentence ("[The statute] contemplates that any dispute, to be effective, must be in

4

writing.") states a principle that expands beyond the particularities of that case. Inclusion of the broader principle—that disputes *must* be in writing—was not necessary to resolve the issue presented; rather, the *Graziano* court chose to state the principle, which it would not have done had it intended only a narrow understanding of its decision. Therefore, *Graziano* went farther than simply permitting a debt collector to require disputes to be in writing; its discussion shows that it interprets the statute to require disputes to be in writing.

The question raised by the present Motion is whether a debt collector must inform a debtor that the dispute must be in writing. This same question has been raised, and answered inconsistently, in both the District of New Jersey[2] and in other district courts in the Third Circuit.[3] Recently, the court in *Vedernikov v. Mercantile Adjustment Bureau LLC* held that a

---

[2] Some cases have found that the notice must specify that disputes must be in writing. *Vedernikov v. Mercantile Adjustment Bureau*, 2019 WL 1857119, at *2–4 (D.N.J. Apr. 25, 2019); *Cadillo v. Stoneleigh Recovery Assocs.*, 2019 WL 1091391, at *5 (D.N.J. Mar. 8, 2019).

Other cases have found that the notice need not so specify. *Poplin v. Chase Receivables, Inc.*, Letter Order at 3–4, Civ. No. 18-404, ECF No. 65 (D.N.J. May 16, 2019); *Bencosme v. Caine & Weiner*, Letter Order at 3–4, Civ. No. 18-7990, ECF No. 20 (D.N.J. March 6, 2019); *Portela v. Diversified Consultants, Inc.*, 2019 WL 449198, at *6 (D.N.J. Feb. 5, 2019); *Rodriguez v. Northland Grp., LLC*, 2018 WL 6567705, at *5–6 (D.N.J. Dec. 13, 2018); *Ferrulli v. BCA Fin. Servs., Inc.*, 2018 WL 4693968, at *3–4 (D.N.J. Sept. 28, 2018); *Borozan v. Fin. Recovery Servs., Inc.*, 2018 WL 3085217, at *6 (D.N.J. June 22, 2018); *Riccio v. Sentry Credit, Inc.*, 2018 WL 638748, at *5 (D.N.J. Jan. 31, 2018); *Rosa v. Encore Receivable Mgmt., Inc.*, 2016 WL 4472951, at *3 (D.N.J. Aug. 23, 2016); *Cruz v. Fin. Recoveries*, 2016 WL 3545322, at *3–4 (D.N.J. June 28, 2016); *Max v. Gordon & Weinberg P.C.*, 2016 WL 475290, at *3–4 (D.N.J. Feb. 8, 2016); *Hernandez v. Mercantile Adjustment Bureau, LLC*, 2013 WL 6178594, at *2–3 (D.N.J. Nov. 22, 2013).

[3] Again, some cases have found that the notice must specify that disputes must be in writing. *Pozzuolo v. Portfolio Recovery Assocs.*, 2019 WL 1528431, at *5 (E.D. Pa. Apr. 9, 2019) (dicta). *Henry v. Radius Glob. Solutions, LLC*, 357 F. Supp. 3d 446, 458 (E.D. Pa. 2019); *Durnell v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 121197, at *4 (E.D. Pa. Jan. 7, 2019); *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526, 531–32 (E.D. Pa. 2018); *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629, 632-33 (E.D. Pa. 2017). Other cases have found the opposite. *Velez v. Cont'l Serv. Grp.*, 2018 WL 1621625, at *6 (M.D. Pa. Apr. 4, 2018); *Hillman v. NCO Fin. Sys., Inc.*, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013).

validation notice must specify that disputes must be in writing. 2019 WL 1857119, at *2–4 (D.N.J. Apr. 25, 2019). Because the Court finds the reasoning of that case and others persuasive, it will echo their reasoning.

> As *Vedernikov* explained:
>
> The validation notice in this case violates § 1692g(a) because it does not effectively convey a consumer's rights. The validation notice stated that Plaintiff had thirty days to "dispute the validity of this debt or any portion thereof." A reasonable debtor—let alone the least sophisticated debtor—could understand this statement to mean that he could dispute the debt over the telephone, when in reality his only option is to dispute the debt in writing. *See Graziano*, 950 F.2d at 112. The validation notice therefore "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Wilson*, 225 F.3d at 354 (internal citation omitted).
>
> It is true that the validation notice closely tracks the statutory language of § 1692g(a). Unfortunately for Defendant, however, the statutory language is subject to conflicting interpretations. *Compare Graziano*, 950 F.2d at 112 (holding that the statute requires disputes to be in writing), *with Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 285–86 (2d Cir. 2013) (noting a circuit split on the issue and finding that the statute does not require disputes to be in writing). A validation notice that copies the statutory language, therefore, will likewise be subject to conflicting interpretations and will fail to apprise the least sophisticated debtor of her rights. *Homer*, 292 F. Supp. 3d at 633 ("If courts reading the statutory language interpret it differently, how could the least sophisticated debtor not[?]").

2019 WL 1857119, at *3–4 (internal citation omitted). For the same reasons as those stated in *Vedernikov*, Plaintiff states a claim for violation of 15 U.S.C. § 1692g(a).[4]

---

[4] Because the analysis for a violation of § 1692e tracks the § 1692g(a) analysis, *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 155 (3d Cir. 2013), the Court also finds that Plaintiff states a claim for violation of § 1692e.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate Order will follow.

Date:  5/29/19                             */s/ Anne E. Thompson*
                                                         ANNE E. THOMPSON, U.S.D.J.

7